101 F.3d 107
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Thomas VOGELSANG, Defendant-Appellant,
Patricia Carson, Defendant.
 No. 95-1524.
 United States Court of Appeals, Second Circuit.
 March 8, 1996.
 
 Appearing for Appellant: Herbert L. Greenman, Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria, LLP, Buffalo, New York.
 Appearing for Appellee: Joseph M. Guerra, III, Assistant United States Attorney, Western District of New York, Buffalo, New York.
 W.D.N.Y.
 AFFIRMED.
 Present: HONORABLE ELLSWORTH A. VAN GRAAFEILAND, HONORABLE THOMAS J. MESKILL, HONORABLE RALPH K. WINTER, Circuit Judges.
 
 
 1
 Appeal from the United States District Court for the Western District of New York (Arcara, Judge).
 
 
 2
 This cause came to be heard on the transcript of record from the United States District Court for the Western District of New York and was argued.
 
 
 3
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 4
 Thomas Vogelsang appeals from the sentence of one hundred fifty-one months imprisonment, five years supervised release, and a fifty dollar special assessment imposed by Judge Arcara after Vogelsang's plea of guilty to possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On appeal, Vogelsang argues that the district court erroneously believed that it was required to order his sentence of imprisonment to run consecutively to any state sentence imposed for violation of parole. He also contends that the government breached the plea agreement by opposing his effort to obtain a concurrent sentence. We disagree.
 
 
 5
 We assume for purposes of argument that the district court should not have used Application Note 4 to U.S.S.G. § 5G1.3 in calculating Vogelsang's sentence because it would raise an ex post facto problem. See United States v. Broderson, 67 F.3d 452, 456 (2d Cir.1995). We therefore also assume that the district court mistakenly believed that Application Note 4 barred a concurrent sentence. However, Judge Arcara expressly stated that he would have imposed a consecutive sentence regardless of whether he had authority to impose a concurrent one. Ruling on the defendant's legal argument that Application Note 4 did not preclude a concurrent sentence, the court stated: "I'm not going to make it concurrent. I don't believe I can, and even if I could, I wouldn't in this case here."
 
 
 6
 Vogelsang suggests that notwithstanding this statement, a remand is still required because the district court failed to articulate its reasons for not granting a concurrent sentence. Again, we disagree. Earlier in the proceedings, the district court discussed the reasons why it believed that a concurrent sentence would be inappropriate. It noted that the parole revocation caused Vogelsang to finish his state sentence for assault, a crime unrelated to the federal narcotics charge. It concluded: "I can't imagine why [the federal interest] would be [served by a concurrent sentence]." In light of this discussion, we see no reason to remand for resentencing.
 
 
 7
 We also reject Vogelsang's suggestion that the government breached Paragraph 10(b) of the plea agreement, which provides that
 
 
 8
 The government further agrees not to oppose a request pursuant to Guidelines § 5G1.3 that the defendant's sentence be imposed concurrently with a state sentence of imprisonment that the defendant may be serving.
 
 
 9
 During the sentencing proceeding, the district court suggested that it could not impose a concurrent sentence on Vogelsang and explicitly requested the government's position on the interpretation of U.S.S.G. § 5G1.3. Counsel for the government responded that "we're bound by the plea agreement in our agreement not to oppose--." The district court then interjected an observation that "you can't get involved in a plea agreement ... that's contrary to law," and shortly thereafter, government counsel acknowledged that he "ha[d] a few cases from different circuits which ha[ve] basically done just what your honor indicated," and offered to make them available to the court. At no time, however, did the government oppose Vogelsang's request for a concurrent sentence. Indeed, Vogelsang's counsel recognized as much when he subsequently stated that "[the government] doesn't seem to be opposing our request here."
 
 
 10
 We therefore affirm.